# UNITED STATES DISTRICT COURT
### Western District of Arkansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>HUNTER MATTHEW BURROUGHS<br><br>Date of Original Judgment: January 23, 2024<br>*(Or Date of Last Amended Judgment)* | AMENDED[1] JUDGMENT IN A CRIMINAL CASE<br><br>Case Number: 5:22CR50001-001<br>USM Number: 92806-509<br>Shane Mitchell Wilkinson<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  One (1) of the Information on September 20, 2023

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count(s)** |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | 09/29/2017 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  All counts in the Indictment and Superseding Indictment as to the defendant   ☐ is  ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 23, 2024
Date of Imposition of Judgment

*/s/ T.L.B.*
Signature of Judge

Honorable Timothy L. Brooks, United States District Judge
Name and Title of Judge

June 6, 2024
Date

---

[1] Amended to clarify the Defendant's joint and several restitution obligations.

Case 5:22-cr-50001-TLB   Document 108   Filed 06/06/24   Page 2 of 9 PageID #: 970

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
    Sheet 2 — Imprisonment
                                      (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   7  

DEFENDANT:    HUNTER MATTHEW BURROUGHS
CASE NUMBER:  5:22CR50001-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:   **forty-eight (48) months.**

☒  The court makes the following recommendations to the Bureau of Prisons:
    1. That the defendant be designated to its facility in Yankton, South Dakota, to the extent there is bedspace available in the defendant's classification level.
    2. That the defendant not be incarcerated in a facility where coconspirators are housed, including Stephen Keith Andrews and Robert Clay Smith.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
    ☐ at  _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☒  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☒ before 1 p.m. on   February 28, 2024   .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

                                                                                 UNITED STATES MARSHAL

                                         By _____
                                                     DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Case 5:22-cr-50001-TLB   Document 108   Filed 06/06/24   Page 3 of 9 PageID #: 971

Judgment--Page 3 of 7

DEFENDANT: HUNTER MATTHEW BURROUGHS
CASE NUMBER: 5:22CR50001-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **three (3) years**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: HUNTER MATTHEW BURROUGHS
CASE NUMBER: 5:22CR50001-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Case 5:22-cr-50001-TLB   Document 108   Filed 06/06/24   Page 5 of 9 PageID #: 973

Judgment—Page 5 of 7

DEFENDANT: HUNTER MATTHEW BURROUGHS
CASE NUMBER: 5:22CR50001-001

# SPECIAL CONDITIONS OF SUPERVISION

1. Until the financial penalties are paid in full, the defendant shall not incur any new debt, nor establish any bank or credit accounts unless receiving prior approval from the probation officer and will make any information concerning his financial status available to the probation officer upon request.

2. The defendant shall allow and give consent to the probation officer to make contact with any of the defendant's financial institutions to confirm that the defendant is complying with the previously ordered special condition.

3. The defendant shall submit his person, residence, place of employment, and vehicle to a search to be conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner based on a reasonable suspicion that evidence of any violation of conditions of supervised release might thereby be disclosed.

4. The defendant shall submit to inpatient or outpatient substance abuse and alcohol testing, evaluation, counseling, and/or treatment, as deemed necessary and as directed by the U.S. Probation Office.

5. The defendant shall not purchase, possess, use, distribute, or administer marijuana or obtain or possess a medical marijuana card or prescription. If the defendant is currently in possession of a medical marijuana card, he will turn it over immediately to the probation office.

6. The defendant shall abstain from alcohol consumption during the term of supervised release.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 5:22-cr-50001-TLB   Document 108   Filed 06/06/24   Page 6 of 9 PageID #: 974

Judgment — Page 6 of 7

DEFENDANT: HUNTER MATTHEW BURROUGHS
CASE NUMBER: 5:22CR50001-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ -0- | $ 25,000.00 | $ 3,525,219.77 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| U.S. DOL<br>Office of the Solicitor<br>FEEWC Attn: Hans Wild<br>200 Constitutional Ave.<br>Washington, DC 20210 |  | $3,320,261.70 | Pro Rata |
| Walmart Corporate Office<br>Attn: Restitution<br>702 Southwest 8th Street<br>Bentonville, AR 72712 |  | $127,495.54 | Pro Rata |
| CNA<br>Attn: Restitution<br>151 North Franklin Street<br>Floor 9, Chicago, IL |  | $77,462.53 | Pro Rata |
| **TOTALS** | $ _____ | $ 3,525,219.77 |  |

Restitution amount ordered pursuant to plea agreement $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for ☐ fine ☒ restitution.

☒ the interest requirement for the ☒ fine ☐ restitution is modified as follows: interest accrues if not paid in 30 days.

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
Sheet 6 — Schedule of Payments

Case 5:22-cr-50001-TLB   Document 108   Filed 06/06/24   Page 7 of 9 PageID #: 975

DEFENDANT: HUNTER MATTHEW BURROUGHS
CASE NUMBER: 5:22CR50001-001

Judgment — Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒ Lump sum payment of $ $3,550,319.77 due immediately.

   ☐ not later than _____ , or
   ☒ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

B  ☐ Payment to begin immediately (may be combined   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒ Special instructions regarding the payment of criminal monetary penalties:

   If not paid immediately, any unpaid financial penalty shall be paid by the defendant during his term of imprisonment at a rate of up t 50% of the defendant's available funds, in accordance with the Inmate Financial Responsibility Program. During residential reentry placement, payments will be 10% of the defendant's gross monthly income. The payment of any remaining balance shall become a condition of supervised release and shall be paid in monthly installments of $1,000.00 or 10% of the defendant's gross monthly hous income, whichever is greater, with the entire balance to be paid in full no later than one month prior to the end of the period of super release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| Stephen Keith Andrews; Robert Dale Bernauer, Sr.; Amanda Dawn Rains; and Robert Clay Smith<br>*See Restitution Appendix* | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## RESTITUTION APPENDIX

The Court publishes this Restitution Appendix to facilitate the administration of joint and several restitution obligations in this matter. The Defendant, Hunter Matthew Burroughs, is ordered to pay a total of $3,525,219.77 in restitution. Mr. Burroughs was party to a conspiracy. **Figure 1** lists the conspirators and their restitution obligations.

### Figure 1: Restitution Obligations by Conspirator

| Conspirator Name and Case Number[1] | Total Restitution Ordered[2] | Restitution Ordered to Payee(s)[3] |
|---|---|---|
| Stephen Keith Andrews, 5:22CR50001-02 | $2,353,591.84 | U.S. DOL, $2,173,992.22<br>Walmart Corporate Office, $127,495.54<br>CNA, $52,104.08 |
| Robert Dale Bernauer, Sr., 5:21CR50044-01 | $181,210.16[4] | Walmart Corporate Office, $125,064.87<br>CNA, $56,145.29 |
| **Hunter Matthew Burroughs, 5:22CR50001-01** | $3,525,219.77 | U.S. DOL, $3,320,261.70<br>Walmart Corporate Office, $127,495.54<br>CNA, $77,462.53 |
| Amanda Dawn Rains, 5:21CR50060-01 | $4,189,396.47 | U.S. DOL, $3,984,438.40<br>Walmart Corporate Office, $127,495.54<br>CNA, $77,462.53 |
| Robert Clay Smith, 5:22CR50020-01 | $827,083.40 | U.S. DOL, $803,335.49<br>Walmart Corporate Office, $2,430.67<br>CNA, $21,317.24 |

---

[1] The "**Conspirator Name and Case Number**" column lists the names and case numbers of the conspirators with whom the Defendant's restitution is joint and several.

[2] The "**Total Restitution Ordered**" column lists the conspirator's total restitution balance.

[3] The "**Restitution Ordered to Payee(s)**" column lists the subtotal(s) of restitution owed to each payee to which the conspirator is liable. The summation of subtotals in this column equals the Total Restitution Ordered by each conspirator.

[4] Pursuant to the Court's Order of Restitution in *United States v. Robert Dale Bernauer, Sr.*, (No. 5:21-cr-50044, Doc. 70), Mr. Bernauer's $664,176.30 presentence restitution payment to DOL-OWCP was already considered in the calculation of restitution ordered to DOL-OWCP in Mr. Burroughs's and Mr. Andrews's cases. Accordingly, Mr. Burroughs's credit for Mr. Bernauer's payment is limited to CNA and Walmart.

**RESTITUTION APPENDIX**

The conspirators' restitution obligations are, to various degrees, joint and several—based on when each conspirator entered the conspiracy and their respective roles within it. The conspirators' joint and several liabilities are as follows:

- **Stephen Keith Andrews** is joint and several with Robert Dale Bernauer, Sr., Hunter Matthew Burroughs, Amanda Dawn Rains, and Robert Clay Smith.

- **Robert Dale Bernauer, Sr.** is joint and several with Stephen Keith Andrews, Hunter Matthew Burroughs, and Amanda Dawn Rains.

- <u>**Hunter Matthew Burroughs**</u> is joint and several with Stephen Keith Andrews, Robert Dale Bernauer, Sr., Amanda Dawn Rains, and Robert Clay Smith.

- **Amanda Dawn Rains** is joint and several with Stephen Keith Andrews, Robert Dale Bernauer, Sr., Hunter Matthew Burroughs, and Robert Clay Smith.

- **Robert Clay Smith** is joint and several with Stephen Keith Andrews, Hunter Matthew Burroughs, and Amanda Dawn Rains.

**In summary**: Hunter Matthew Burroughs **IS ORDERED** to pay a total of $3,525,219.77 in restitution, joint and several with Stephen Keith Andrews, Robert Dale Bernauer, Sr., Amanda Dawn Rains, and Robert Clay Smith. **IT IS FURTHER ORDERED** that Mr. Burroughs must make restitution to the following payees: U.S. DOL, $3,320,261.70; Walmart Corporate Office, $127,495.54; and CNA, $77,462.53.